**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| | ) | JURY DEMAND |
| DEKALB COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, the United States of America ("Plaintiff" or "United States"), by the

undersigned attorneys, alleges as follows:

1.      This civil action is brought pursuant to Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") against DeKalb County, Georgia

("Defendant" or "County").

2.      The County violated Title VII when it retaliated against a probationary employee

first by extending her probation and then by terminating her simply because she complained that

her direct supervisor sexually harassed her.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28

U.S.C. §§ 1331, 1343(a), and 1345.

4.      Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28

U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to

the cause of action herein occurred.

## PARTIES

5.      Plaintiff is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

6.      Defendant is a governmental body established pursuant to the laws of Georgia and is located within this judicial district.

7.      Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8.      Cemetra Brooks ("Brooks") filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 410-2018-09411) on October 2, 2018, amending it on March 5, 2019.  Brooks alleged that the County retaliated against her after she filed an internal sexual harassment complaint against her supervisor by extending her probationary period by three months and then by subsequently terminating her employment. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge and found reasonable cause to believe that Brooks was discriminated against because of her sex and denied permanent employment in retaliation for engaging in a protected activity.  The EEOC attempted unsuccessfully to achieve resolution of this matter through conciliation and referred it to the Department of Justice.

9.      All conditions precedent to this lawsuit have been performed or have occurred.

## FACTUAL ALLEGATIONS

***The County Considered Brooks' Performance Satisfactory Until She Filed A Sexual Harassment Complaint Against Deputy Director Beckwith.***

10.      Brooks was hired on February 26, 2018, as the personal administrative assistant of Joseph Beckwith, Deputy Director of the County's Facilities Management Department.  Her

permanent employment was subject to satisfactory completion of a six-month probationary period.

11.     Beckwith considered Brooks' work performance to be satisfactory and positioned her for promotion once she completed probation.  On May 18, 2018, Beckwith notified his staff by memorandum that Brooks was being given ten new responsibilities that included preparing a quarterly newsletter for the Department, writing reports and correspondence to document Department actions, and responding to written and verbal inquiries from internal and external sources.

12.     At this time, Beckwith told his Facilities Superintendent Kevin Buford that he increased Brooks' job duties as part of his intention to give her a promotion and a pay raise. Under the County Code, probationary employees are not eligible for promotion until they pass probation and become permanent, therefore, to give Brooks a promotion, Beckwith would first have had to recommend her for permanent employment.

13.     In or around May 2018, Beckwith also told Buford that Brooks was doing a good job.

14.     In his interactions with Brooks in the office, Buford found her to be a good, hard working coworker.

15.      Beckwith engaged in conduct toward Brooks in violation of the County's sexual harassment policy by his unwelcome and uninvited sexual remarks and advances to Brooks.

16.     On June 12, 2018, Brooks submitted a written sexual harassment complaint to the County's Human Resources Department (HR) about Beckwith's conduct.  Brooks' complaint alleged that Beckwith subjected her to unwelcome and objectionable sexual advances,

comments, and conduct, citing various specific examples of Beckwith's misbehavior of a sexual nature towards her.

17.     In response to her sexual harassment complaint, on June 18, 2018, the County reassigned Brooks within the Facilities Department to a new supervisor, Administrative Coordinator Sharon Young, in a different building, and initiated an internal investigation.

18.     Beckwith went on leave in early July 2018 and resigned on August 10, 2018.

***Within Weeks Of Brooks' Sexual Harassment Complaint Against Beckwith—And Even Before The County Concluded Its Investigation Of Her Complaint—Director Stovall Wanted To Fire Her.***

19.     On July 26, 2018, six weeks after Brooks' harassment complaint, and before HR had completed its investigation, Beckwith's supervisor, Facilities Management Director Clyde Stovall, emailed HR Director Benita Ransom that he wished to terminate Brooks before her probation ended on August 26, 2018.

20.     Right before joining County Government, Stovall had worked with Beckwith for three years at the Atlanta International Airport, one of them as Beckwith's supervisor.  In April 2017, Stovall was hired by the County as its Interim Facilities Management Director (and later made permanent Director), and then in May 2017, just one month after his own hire, Stovall hired Beckwith as his Deputy Director.

21.     In his July 26 email, Stovall stated he wanted to terminate Brooks because her work performance had been subpar.  Stovall noted that County was conducting a sexual harassment investigation against Beckwith and that Brooks had been making accusations during her probationary period, and expressed concern that her probation was to expire on August 26, when she would be set to become a permanent Merit System employee.  His email asked

Ransom for information from HR's investigation of Brooks' complaint against Beckwith that would allow him to move forward with firing Brooks while she was still on probation.

22.     Stovall copied Young, who was Brooks' new supervisor and Stovall's subordinate, as well as Dale Phillips, Assistant to the County's Chief Operating Officer, who was Stovall's supervisor.

23.     At the time of his July 26 email, Stovall had no documented basis for his claim that Brooks' work was "subpar."

24.     Until then, Brooks had no documented work problems and had never been written up, as reflected by her County personnel files.  Moreover, Stovall admitted he had no direct personal knowledge of her job performance because Brooks never worked for him.

25.     In response to Stovall's email about firing Brooks, Phillips recommended the "temporary alternative scenario" of extending Brooks' probationary period by three to six months.  Less than a week after his July 26 email, on August 1, 2018, Stovall sent Brooks a written warning, citing her for retrieving personal items from her former office after being instructed not to do so by Young.  This was the first blemish on Brooks' otherwise clean work record.

26.     On September 13, 2018, HR issued a written report of its investigation of Brooks' sexual harassment complaint that concluded Beckwith's behavior toward Brooks violated the County's sexual harassment policy.

***Director Stovall Extended Brooks' Probationary Period Because She Complained About Sexual Harassment.***

27.     On August 20, 2018, six days before Brooks' probation was set to expire, and one month after his July 26 email about firing Brooks, Stovall extended Brooks' probation from August 26 to November 26, 2018.  In his one-page memorandum, Stovall explained the

5

extension would provide Brooks additional time to perform the full range of her responsibilities and demonstrate her ability to meet job expectations.  The memorandum warned that, if Brooks did not fulfill her duties, she would be subject to termination without appeal.  The memorandum provided no further justification for the extension.  Stovall later acknowledged that, of the 20 employees he had hired to that point, Brooks was the only one whose probation period he extended.

***Brooks' Internal Complaint About New Supervisor Sharon Young In August 2018.***

28.    On August 21, 2018, Brooks internally complained to HR that her new supervisor, Administrative Coordinator Sharon Young, had subjected her to a hostile work environment in retaliation for Brooks' sexual harassment complaint against Beckwith.  In support of her complaint, Brooks pointed to a series of interpersonal disputes with Young over administrative matters, such as Young's alleged discouragement of coworkers from interacting with Brooks, Brooks' request for a work shift change, and Brooks' retrieval of personal items she had left in her prior work station.  HR's November 8, 2018, report of investigation concluded that Young's interpersonal disputes with her were due to communication issues and differences of opinion, and no corrective action was taken against Young.

29.    In October 2018, Brooks filed a charge of discrimination with the EEOC alleging that she was sexually harassed by Beckwith and, when she internally complained, the County retaliated against her by unlawfully extending her probationary period.

***Stovall Terminated Brooks In November 2018 Because She Engaged In Protected EEO Activity.***

30.    In a letter dated November 19, 2018, Stovall notified Brooks that she was being terminated, effective that same day.  Stovall's one-page letter did not state any reason for his decision to terminate her and, at the time, the County gave no reason.

6

31.     Aside from the August 1, 2018, written warning from Stovall about retrieving personal items from her old office, neither Brooks' personnel file maintained by HR, nor her separate personnel file maintained by the Facilities Management Department, contained any documentation of performance or conduct problems, including during her extended probationary period.

32.     In March 2019, Brooks amended her original October 2018 EEOC charge to add the claim that her termination was discrimination based on her sex and in retaliation for her opposition to unlawful employment practices.

***Brooks Suffered Damages As A Result Of The County's Retaliatory Actions.***

33.     Brooks experienced emotional stress including, but not limited to, anxiety, stress, and humiliation, as a result of Stovall extending her six-month probationary period by three months, and then terminating her for no stated reason, in retaliation for her sexual harassment complaint against his deputy.

34.     Brooks has also suffered monetary losses as a result of her retaliatory termination.

## CLAIMS FOR RELIEF

### COUNT ONE
### Title VII, 42 U.S.C. §§ 2000e-3(a)
### Retaliatory Extension of Probationary Period

35.     The United States repeats and incorporates by reference the factual allegations set forth in paragraphs 10-27, 33.

36.     Defendant engaged in an unlawful employment practice in violation of Title VII when it extended Brooks' probationary period by three months in retaliation for her internal sexual harassment complaint against her supervisor.

37.     Defendant's extension of Brooks' probationary period was an adverse employment action because extending a probationary period might well deter a reasonable employee from complaining about discrimination.  By extending Brooks' probation, the County materially adversely affected her job status by keeping her under closer review for a longer period, denying her any due process or appeals rights she would have earned with permanent status, and extending the time the County could fire her without cause.

38.     Defendant's purported reasons for extending Brooks' probationary period were a pretext for unlawful retaliation.

39.     As a result of Defendant's unlawful extension of Brooks' probationary period denying her permanent status, Brooks suffered emotional harm including, but not limited to, pain and suffering, emotional distress, anxiety, stress, and loss of enjoyment of life.

## COUNT TWO
### Title VII, 42 U.S.C. §§ 2000e-3(a)
### Retaliatory Termination

40.     The United States repeats and incorporates by reference the factual allegations set forth in paragraphs 10-34.

41.     Defendant engaged in an unlawful employment practice in violation of Title VII when it terminated Brooks' employment with the County in retaliation for her internal sexual harassment complaint against her supervisor.

42.     At the time of her termination, Defendant gave Brooks no reason for her termination, including in the letter of termination from Stovall.

43.     As a result of Defendant's unlawful retaliatory termination, Brooks incurred damages including, but not limited to, lost income.

44.     As a result of Defendant's unlawful retaliatory termination, Brooks suffered emotional harm including, but not limited to, pain and suffering, emotional distress, anxiety, stress, and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court grant the following relief:

A.     Order Defendant to implement policies, practices, and procedures to prevent unlawful discrimination and retaliation in the workplace;

B.     Provide make-whole relief to Brooks, including backpay to compensate her for the loss she has suffered as a result of Defendant's retaliatory conduct alleged in this Complaint;

C.     Award Brooks any prejudgment interest on the amount of lost wages and benefits determined to be due;

D.     Reinstate Brooks to her former County employment, or provide Brooks with front pay if such reinstatement is not feasible;

E.     Award damages to Brooks to fully compensate her for pain and suffering caused by Defendant's retaliatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

F.     Award such additional relief as justice may require, together with the United States' costs and disbursements in this matter.

### JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Date:  June 2, 2022


Respectfully submitted,


      KRISTEN CLARKE
      Assistant Attorney General
      Civil Rights Division

      KAREN D. WOODARD
      Chief
      Employment Litigation Section

BY:    /s/ Louis Whitsett


      JOHN BUCHKO, Deputy Chief
      (DC Bar No. 452745)
      LOUIS WHITSETT, Senior Trial Attorney
      (DC Bar No. 257626)
      U.S. Department of Justice
      Civil Rights Division
      Employment Litigation Section
      4 Constitution Square, Room 9.1138
      Washington, D.C.  20002
      Telephone: (202) 305-0942
      Facsimile: (202) 514-1005
      Email:  Louis.Whitsett@usdoj.gov

      RYAN K. BUCHANAN
      U.S. Attorney
      Northern District of Georgia

BY:    /s/ Aileen Bell-Hughes


      AILEEN BELL-HUGHES
      (GA Bar No. 375505 )
      Assistant United States Attorney
      75 Ted Turner Dr. SW, Suite 600
      Atlanta, Georgia 30303
      Telephone: (404) 581-6000
      Facsimile:  (404) 581-4667
      Email: aileen.bell.hughes@usdoj.gov

      Attorneys for Plaintiff United States of America